### William Landis v. John M. Wolf.

. The decision in this case is controlled by the former decision therein, reported in 106 App. 533, notwithstanding additional evidence was introduced.

Attachment proceeding. Appeal from the Circuit Court of Clay County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

JOHN R. EDEN, E. J. MILLER and J. K. MARTIN, for appellant.

R. M. PEADRO and W. H. WHITAKER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit commenced by appellee in attachment for the sum of $12,500 claimed to be due him from appellant.

The declaration filed in the case was in assumpsit and contained only the common counts. It appeared on the

trial that on March 9, 1901, Landis was the owner of a stock of goods in Sullivan, Moultrie county, Illinois, and upon that date agreed to sell the same, except the boots and shoes, together with the store fixtures, ·to Wolf, at the net invoice price, and Wolf agreed to pay for the same his equity in a farm of 164.14 acres in Clay county, Illinois, and certain personal property connected with the farm, and also to give notes for an amount agreed upon and pay a .certain amount of interest on the debt for which the farm was mortgaged. A few days later appellant went to Clay county, invoiced and took possession of the personal property, and rented part of the farm. Afterwards on Monday, March 18, he and Wolf commenced an invoice of the stock in the store, which was finished on the following Friday. About this time a dispute arose between the parties concerning the conditions of the· sale, which afterwards resulted in Landis filing a bill for specific performance, and also obtaining a temporary injunction against Wolf, restraining him from interfering with the stock of goods in question. Shortly afterwards, on April 5, 1901, appellee brought this suit in attachment in the Circuit Court of Clay county, and caused the real estate included in the trade, ·which was located in Clay county, and also the stock of merchandise which was located in Moultrie county, to be levied upon.

Upon the trial of the suit so commenced by attachment, Wolf obtained a judgment against Landis for $11,000, which on appeal to this court was reversed and the cause remanded. See Landis vs. Wolf, 106 Ill. App. 533. We there held that, admitting appellee's contention that he was the owner of the goods, and appellant had wrongfully taken them and converted them, so as to raise a liability in trover, still under the law of this state he was not entitled to recover in an action of assumpsit.

The second trial of the case, which also resulted in a judgment in favor of Wolf, was had upon the same pleadings as the first and the same facts were shown in substance. At this trial, however, appellee introduced six new

witnesses none of whom had testified on the former occasion.    One of these witnesses testified that Landis had applied to him for insurance on the goods about April 1, 1901, stating that the trade with Wolf had fallen through and he owned them, but that witness declined the insurance for the reason that the goods were in litigation.    Five others testified to conversations with Landis in the month of April, before the suit was brought in which he said that he had bought or gotten the store back, and was going to close it out and move back to Indiana; and two of them also swore to having purchased goods of him, sales not appearing on a book in which Landis claimed to have kept a record of his sales.

The new evidence introduced by appellee upon the second trial does not appear to us to have made any substantial change in the condition of that phase of the case, which relates to the right of appellee to maintain a suit in assumpsit for the value of the entire stock of goods, and there is therefore nothing to warrant us in making a different ruling from that made when the case was here before.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*